

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-13-00020-CR

_____

RANDY LEE ELLINWOOD, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 420th District Court
Nacogdoches County, Texas
Trial Court No. F1219680

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Randy Lee Ellinwood appeals from his murder conviction in Nacogdoches County.[1] Ellinwood pled guilty to the murder charge and the accompanying deadly-weapon allegation. *See* TEX. PENAL CODE ANN. § 12.42 (West Supp. 2012), § 19.02 (West 2011). After a punishment trial, the jury found a sentence-enhancement allegation to be true and assessed a sentence of life imprisonment. The trial court orally pronounced the sentence consistent with the jury's assessment and signed a written judgment consistent with its oral pronouncement.

Ellinwood's appellate attorney has filed a brief stating that he has reviewed the record and has found no issues that could be raised. The brief sets out the procedural history and summarizes the evidence elicited during the course of the proceeding. Meeting the requirements of *Anders v. California*, counsel has provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1981); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978).

Counsel mailed Ellinwood a copy of the brief July 1, 2013, and informed Ellinwood of his right to file a pro se response and to review the record. Counsel has also filed a motion with

---

[1]Originally appealed to the Twelfth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). We are unaware of any conflict between precedent of the Twelfth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

this Court seeking to withdraw as counsel in this appeal. Ellinwood has neither filed a pro se response nor requested an extension of time in which to file such response.

We have determined that this appeal is wholly frivolous. We have independently reviewed the entire record and find no genuinely arguable issue. *See Halbert v. Michigan*, 545 U.S. 605, 623 (2005). Therefore, we agree with counsel's assessment that no arguable issues support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

During our review, we noted that the judgment omits the plea to the enhancement and the finding on the enhancement. The record reflects that Ellinwood pled true to the enhancement, the trial court instructed the jury on the plea, and the jury found the enhancement allegation to be true. The Texas Rules of Appellate Procedure give this Court authority to modify judgments to make the record speak the truth when the matter has been called to our attention by any source. *See* TEX. R. APP. P. 43.2; *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992); *Rhoten v. State*, 299 S.W.3d 349, 356 (Tex. App.—Texarkana 2009, no pet.). We modify the judgment to reflect a plea of true to the first enhancement paragraph and a finding of true to the first enhancement paragraph.

As modified, the trial court's judgment is affirmed.[2]


                                                    Josh R. Morriss, III
                                                    Chief Justice

Date Submitted:     September 20, 2013
Date Decided:       September 27, 2013

Do Not Publish

---

[2]Since we agree this case presents no reversible error, we also, in accordance with Anders, grant counsel's request to withdraw from further representation of appellant in this case. *Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or appellant must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing or for en banc reconsideration was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.